DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Eddie Dean Dogan, | ) | C/A No. 4:05-3335-HMH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden Colie L. Rushton; Attorney | ) | |
| General of the State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Eddie Dean Dogan ("Petitioner/Dogan), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on December 8, 2005. Respondent filed a motion for summary judgment on February 10, 2006, along with a return and supporting memorandum. The undersigned issued an order filed February 13, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to respondent's motion for summary judgment on March 2, 2006.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

# I.  PROCEDURAL HISTORY

The procedural history as set forth by the respondent in his memorandum has not been seriously disputed by the petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the respondent.

Petitioner is currently incarcerated in the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Spartanburg County. Petitioner was indicted in July 1998 for criminal sexual conduct with a minor, first degree (98-GS-42-3569); contributing to the delinquency of a minor (98-GS-42-3570); and, in October of 1998, for kidnaping (98-GS-42-5180). Don Thompson, Assistant Public Defender for Spartanburg County, represented petitioner on the charges. A jury trial on all charges was held March 1-2, 1999, before the Honorable Henry F. Floyd. The jury convicted petitioner as charged (Trial transcript, p. 230). The judge sentenced petitioner to thirty (30) years for the CSC charge; fifteen (15) years, consecutive, for kidnaping; and three (3) years, concurrent, for contributing to the delinquency of a minor. (Trial transcript, p. 234).

Petitioner filed a timely notice of intent to appeal. Wanda H. Haile, Senior Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented petitioner on appeal. On February 7, 2000, appellate counsel filed a Final Anders[2] Brief of Appellant in the South Carolina Court of Appeals, which raised the following issue:

> The lower court erred in allowing improper corroborative (hearsay) testimony into evidence at trial.

(Final Anders Brief of Appellant, p. 3).

---

[1] 386 U.S. 738 (1967).

Appellate counsel also filed a motion to be relieved from appointment, as, in her opinion, "the records fails to demonstrate either preserved errors or other legally substantial issues to present to the Court within the context of this direct appeal." (Final Anders Brief of Appellant, p.11). The South Carolina Court of Appeals issued an unpublished opinion on June 7, 2000, that affirmed the convictions, and granted counsel's petition to be relieved of her appointment. *State v. Dogan*, Unpublished Opinion No. 2000-UP-436 (S.C.Ct.App. Filed June 7, 2000). Petitioner did not file a petition for rehearing, and did not seek certiorari review from the Supreme Court of South Carolina. The South Carolina Court of Appeals issued the remittitur on June 26, 2000.

On October 17, 2000, petitioner filed a pro se application for post-conviction relief ("PCR"), in which he raised the following claims:

> 1) Counsel was ineffective for failing to object to impermissible hearsay testimony and for failing to request curative measures each time such impermissible evidence was offered:
>
> 2) Counsel was ineffective for failing to object to the state's expert behavior during the interview was consistent with that of a child who has suffered [sic] sexual abuse on the grounds that it constituted improper bolstering of the victim's credibility and that it was more prejudicial than probative.
>
> 3) Counsel was ineffective for failing to effectively cross-examine the State's expert medical witness.

(PCR Application, attachments).

On October 11, 2002, the State made its return to the application. Robert M. Holland, Esquire, represented petitioner in his PCR action. On October 11, 2002, the State made its return to the application. On April 8, 2003, an evidentiary hearing was held before the Honorable J. Derham

Cole. In addition to the allegations made in the application, petitioner, apparently, also raised the following issues (as phrased by Respondents):

> [4]     Whether counsel was ineffective for failing to have D.N.A. tests performed.

(PCR transcript, p. 6).

> [5]     Whether counsel was ineffective in calling the victim's mother as a defense witness.

(PCR transcript, p. 13).

> [6]     Whether counsel was ineffective for failing to call Betty Arrington as a witness.

(PCR transcript, p. 21).

The PCR judge denied relief and issued a written order of dismissal on June 5, 2003. Petitioner filed a timely notice of intent to appeal.

Tara S. Taggart, Assistance Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal. Appellate counsel filed a <u>Johnson</u> Petition for Writ of Certiorari in the Supreme Court of South Carolina on February 4, 2004, and raised the following single issue:

> Whether counsel was ineffective in failing to properly investigate the criminal charges lodged against petitioner.

(*Johnson* Petition for Writ of Certiorari, p. 2).

Counsel also petitioned to be relieved of her appointment to represent Petitioner. (*Johnson* Petition for Writ of certiorari, p. 6). On November 17, 2004, the Supreme Court of South Carolina

issued an order denying the petition to be relieved as counsel of record, and directed appellate counsel to submit a second petition for certiorari review on the following issue:

> Was petitioner's trial counsel ineffective in calling the victim's mother, Mozella Edwards, as a witness at trial?

(November 17, 2004 Order).

Appellate counsel filed a second petition on December 21, 2004. The State filed a return on April 21, 2005. On May 18, 2005, the state supreme court denied the petition for certiorari review, and subsequently issued the remittitur, on June 6, 2005.

## II. GROUNDS FOR RELIEF

In his Petition for Writ of Habeas Corpus, petitioner raises the following challenges to his conviction, quoted verbatim:

1. Petitioner alleges that trial counsel was ineffective and constitutionally ineffective for failing to object to the statement of the [p]rosecutor in closing arguments saying "the Petitioner carried victim into shed and forcing her to have sex, where it was never proven that Petitioner ever entered the building or shed. Tr.p. 193, Ins. 24-25 and Tr. p. 194 Ins. 1-4., Counsel should have objected to this testimony, given credibility to victim brother, Tr. p. 194 Ins. 5-11 Also see Tr. p. 166, Ins 12-25;

2. Counsels representation fell below any standard of reasonableness but for counsel's unprofessional error, there is a reasonable probability that result of trial would have been different, by presenting or producing [S]LED document in petitioners favor, counsel also denied Petitioner's right to compulsory evidence by failing to ensure presence of SLED witness or document(s) whose testimony would have been credible to Petitioner, & counsels failure to get D.N.A. test result from Detective Cheryl A. Boyd whom also sent a kit to SLED for comparison on salvia [sic] and beer bottle. Tr. p. 79 Ins 15-16, and Tr. p. 83 Ins. 7-15, and Tr. p. 102 Ins 22-25 and Tr. p. 103 Ins 1-4 and Tr. p. 82 Ins 4-6. Counsel never requested for test results from SLED that was taken from Petitioner on April 27th by Dectective Cherly A. Boyd, Tr. p. 103 Ins 16-18, and Tr.p. 104 Ins 1-2, and Tr.p. 105 Ins 4-16.

5

3.   The record reflects that Petitioners trial counsel used some sort of a strategy, but not concerning the [L]aw for what Petitioner was to stand trial for. In doing this unprofessional error "he," the trial counsel denied Petitioner the right to a fair trial of law and by counsel not wantting [sic] to talk about the law concerning his client the [P]etitioner or prepared a defense shows that counsel wasn't upholding Petitioners right(s) according to law. Tr.p. 189 Ins. 14-21.

4.   The record reflects that Petitioner wasn't charged with a case of credibility. But was charged with (C.S.C.) criminal sexual conduct in the first degree, contrabuting [sic] to a delinquency of a minor, and kidnapping. Tr. p. 197, In 8-10 [solicitor states "this is a credibility case"], 10-17, and 18-23. (Kidnapping, Tr.p. 198 Ins 15-20, Tr.p. 199 Ins 1-2[3-4], 9-10 and 17-21, Tr.p.200 Ins 1-3 and [4-4], [The (beer bottles) that the jury could not find anything to connect bottle(s) to victim or Petitioner, see also Tr.p. 225 Ins. 10-14. (C.S.C.) Tr.p.200 Ins 14-17, and 18-25, Tr.p.201 Ins 2-5, 6-8, and 9-11). SLED result(s) would have rebutted any statement that came through of "hearsay." Document from SLED would have proven Petitioner credibility alone! Why? Because it's the "law" and Petitioner relyed [sic] on [L]aw . . .

5.   Petitioner alleges that trial counsels failure to interview victims father testimony, father (Calvin Allen Dean) who fild[sic] the report to Officer Ed Membreno., stating as followed. The complainant Mr. Edwards who is the father of Cassandra Edwards (victim) reported that his daughter had been rapped. [sic] Mr. Edwards stated that Mr. Dogan (suspect) was walking on the street when his wife (Mrs. Monzalla Edwards) called Mr. Dogan to their front yard. Mr. Edwards stated that his wife might had asked Mr. Dogan for a cigarette. But under oath Mr. Edwards changed his testimony, under oath Mr. Edwards state that he wasn't at home when Petitioner came to the aid of his [G]rilfriend[sic] whom he had (4) childrens with three (3) Grils[sic] and one (1) son. Tr.p.89 Ins 20-22 and Tr.p.155 Ins 11-12.

6.   Counsel also felled [sic] to subpoena Larry Prater a witness whom was to give a testimony concerning 4/25/98, in defense favor Tr.p. 28 Ins 1-9 and 15-19.

7.   Petitioner also claims that trial counsel denied him equality right(s) concerning statement made direct to client befor[sic] trial begin, by saying even God can't help you. Simply because what the State had indicted Petitioner on, he the Petitioner was tried for something that wasn't in indictment and that alone made the trial crual [sic], & unusual fore [sic] counsel to prepare a defense that was based on unreliable facts, and allowing the state to try Petitioner on credibility issues and not the law which he was to stand trial for.

(Habeas petition).

### III.  SUMMARY JUDGMENT

On February 10, 2006, the respondent filed a return and memorandum of law in support of his motion for summary judgment.  Petitioner filed a response.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material

fact." In the Celotex case, the defendants are "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since Dogan filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In a thorough discussion of the application of this statute in Green, the Fourth Circuit stated:

> If a state court decision is in square conflict with a precedent (supreme court) which is controlling as to law and fact, then the writ of habeas corpus should issue; if no such controlling decision exists, the writ should issue only if the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant supreme court precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts. In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable.

See also <u>Fitzgerald v. Greene</u>, 150 F.3d 357, 362 (4th Cir. 1998); <u>Wright v. Angelone</u>, 151 F.3d 151, 156 (4th Cir. 1998); <u>Cardwell v. Greene</u>, 152 F.3d 331, 339 (4th Cir. 1998). In <u>Williams v. Taylor</u>, 163 F.3d 860 (4th Cir. 1998), the court specifically rejected an argument that the standard of review enunciated in <u>Green</u>, 143 F.3d 865, was erroneous. Thus, to a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See <u>O'Brien v. DuBois</u>, 145 F.3d 16 (lst Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review"). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). <u>Wilson v. Moore</u>, 999 F. Supp. 783 (D.S.C. 1998).

## V. MERITS

### GROUNDS ONE, FIVE, AND SIX,

As previously stated, petitioner raised the following Grounds in his habeas petition:

GROUND ONE: Petitioner alleges that trial counsel was ineffective and constitutionally ineffective for failing to object to the statement of the [p]rosecutor in closing arguments saying "the Petitioner carried victim into shed and forcing her to have sex, where it was never proven that Petitioner ever entered the building or shed. Tr.p. 193, Ins. 24-25 and Tr. p. 194 Ins. 1-4. Counsel should have objected to this testimony, given credibility to victim brother, Tr. p. 194 Ins. 5-11 Also see Tr. p. 166, Ins 12-25;

9

> GROUND FIVE:     Petitioner alleges that trial counsels failure to interview victims father testimony, father (Calvin Allen Dean) who fild[sic] the report to Officer Ed Membreno, stating as followed. The complainant Mr. Edwards who is the father of Cassandra Edwards (victim) reported that his daughter had been rapped. [sic] Mr. Edwards stated that Mr. Dogan (suspect) was walking on the street when his wife (Mrs. Monzalla Edwards) called Mr. Dogan to their front yard. Mr. Edwards stated that his wife might had asked Mr. Dogan for a cigarette. But under oath Mr. Edwards changed his testimony, under oath Mr. Edwards state that he wasn't at home when Petitioner came to the aid of his [G]rilfriend[sic] whom he had (4) childrens with three (3) Grils[sic] and one (1) son. Tr.p.89 Ins 20-22 and Tr.p.155 Ins 11-12.
>
> GROUND SIX:      Counsel also felled [sic] to subpoena Larry Prater a witness whom was to give a testimony concerning 4/25/98, in defense favor Tr.p. 28 Ins 1-9 and 15-19.

(Petition).

Respondent asserts that these allegations (Grounds one, five and six of the habeas petition) were procedurally defaulted in state court by petitioner's failure to raise them in the PCR court.

The failure to raise a claim in the first state post-conviction petition as required by state law provides an adequate state procedural ground for denying federal habeas corpus relief. See Murch v. Mottram, 409 U.S. 41, 46 (1972); Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990), cert. denied, 499 U.S. 982 (1991); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1998). Similarly, if a petitioner before a federal court fails to raise a claim in state court and is precluded by state procedural rules from returning to state court to raise the issue, he has procedurally by-passed his opportunity for relief in state courts. In such a case, the exhaustion requirement is technically met, but a federal district court is barred from considering the habeas claim, absent a showing of cause and actual

prejudice. Coleman v. Thompson, supra. The procedural default doctrine and its attendant "cause and prejudice" standard are grounded in comity and federalism concerns. Id. at 730-31. These principles apply whether the default occurred at trial, on appeal, or on state collateral attack. Murray v. Carrier, supra.

Thus, a prisoner must demonstrate cause for his state court default of any federal claim, and prejudice therefrom, before the federal habeas court will consider the claim's merits. Counsel's ineffectiveness in failing properly to preserve a claim for state court review will suffice as cause, but only if that ineffectiveness itself constitutes an independent constitutional claim. Id. at 489-97. The comity and federalism principles underlying the doctrine of exhaustion of state remedies require an ineffective-assistance claim to be presented to the state courts as an independent claim, before it can be used to establish cause for a procedural default. Id. at 489. The doctrine's purposes would be frustrated if federal review were available to a prisoner who had presented his claim in state court, but in such a manner that the state court could not, under its procedural rules, have entertained it. Id.

In Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997), the Fourth Circuit Court of Appeals set forth the exhaustion requirements under Section 2254:

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a §2254 petitioner is required to
> "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.

> The exhaustion requirement, though not jurisdictional, is strictly enforced . . .

Id. at 910-911 (citations omitted).

In order to exhaust his claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 to 17-27-160. "Exhaustion includes the filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." Gibson v. State, 495 S.E.2d 426, 428 (S.C. 1998).

If a petitioner before a federal court fails to raise a claim in state court and is precluded by state procedural rules from returning to state court to raise the issue, he has procedurally by-passed his opportunity for relief in state courts. In such a case, the exhaustion requirement is technically met, but a federal district court is barred from considering the habeas claim, absent a showing of cause and actual prejudice. Coleman v. Thompson, 501 U.S. at 750. The procedural default doctrine and its attendant "cause and prejudice" standard are grounded in comity and federalism concerns. Id. at 730-31. These principles apply whether the default occurred at trial, on appeal, or on state collateral attack. Murray v. Carrier, 477 U.S. at 490-92. Furthermore, in the absence of cause and prejudice, the petitioner must show that he is factually "actually innocent" in order to have his claim heard on collateral review. Bousley, 523 U.S. at 622-24. "To establish actual innocense, petitioner must demonstrate that, 'in light of all the evidence,' it is more likely than not that no reasonable juror would have convicted him." Id. At 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U.Chi.L.Rev. 142, 160 (1970)).

Based on the record before the court, the undersigned concludes that grounds one, five, and six were not presented in the PCR Action. The petitioner has failed to show cause and prejudice or actual innocense to overcome the procedural default. In this case, the child victim, nine years old at the time of the assault and ten years old at the time of trial, testified that petitioner, an adult she knew through her mother, took her to a deserted building, instructed her to take her clothes off, took his clothes off, and put his "privacy" in her "privacy." Victim testified that petitioner spit on his "privacy" several times during the assault and when she heard her father searching for her, she ran out. (Tr. 50-54). Victim's father testified that his daughter ran to him wearing only a shirt, and was naked from the waist down. Victim's father testified that he saw petitioner running from the nearby deserted building and was "fixing his clothes" while running away from the father. (Tr. 91). A medical examination showed that the child had been injured and was bleeding "inside the lips of the vagina, but outside the hymen." (Tr. 110). Petitioner admitted being at the building with the child, but denied the assault. (Tr. 158-159). Thus, based on the testimony and evidence presented at trial, any claim of actual innocense that petitioner makes would not be credible.

The undersigned has reviewed petitioner's response and concludes that petitioner has not made the requisite showing to overcome this default, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner, supra. However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, supra.

Once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. Kornahrens v. Evatt, supra. The Court noted that it is always tempting to discuss the

merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, supra. Once a court has determined that a claim is procedurally barred, it should not stray into other considerations. Therefore, it is recommended that these issues (ground one, five and six) be dismissed as procedurally barred.

## GROUND TWO

Petitioner raised the following as ground two in his habeas petition:

GROUND TWO:    Counsels representation fell below any standard of reasonableness but for counsel's unprofessional error, there is a reasonable probability that result of trial would have been different, by presenting or producing [S]LED document in petitioners favor, counsel also denied Petitioner's right to compulsory evidence by failing to ensure presence of SLED witness or document(s) whose testimony would have been credible to Petitioner, & counsels failure to get D.N.A. test result from Detective Cheryl A. Boyd whom also sent a kit to SLED for comparison on salvia [sic] and beer bottle. Tr. p. 79 Ins 15-16, and Tr. p. 83 Ins. 7-15, and Tr. p. 102 Ins 22-25 and Tr. p. 103 Ins 1-4 and Tr. p. 82 Ins 4-6. Counsel never requested for test results from SLED that was taken from Petitioner on April 27th by Detective Cherly A. Boyd, Tr. p. 103 Ins 16-18, and Tr.p. 104 Ins 1-2, and Tr.p. 105 Ins 4-16.

Respondents assert that this issue is procedurally defaulted because he did not raise this issue at PCR However, the undersigned concludes that petitioner did raise this issue at PCR and is thus, not procedurally defaulted as respondents assert. A review of the PCR judge's order reveals the following with respect to this issue:

> The Applicant testified that he was innocent of the crimes he was charged with. The Applicant further testified that trial counsel should

have had DNA testing done because he thinks it would have proven his innocense . . .

Trial counsel testified that the Applicant was required to submit DNA samples. He further testified that the rape kit examination that was performed on the victim showed that there was no sperm.

The allegation that trial counsel was ineffective for failing to obtain DNA testing is without merit. The applicant's testimony concerning his belief that DNA testing would help him was not credible. Trial counsel's testimony concerning the examination of the victim and that there was no semen found from the rape kit to do DNA testing on was credible. Therefore, this Court finds that the Applicant failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard. Strickland v. Washington; Cherry v. State. Moreover, the Applicant also failed to carry his burden of proof to show a reasonable probability that he outcome of the trial would have been different but for trial counsel's alleged deficient representation. Johnson v. State. The Applicant did not present any evidence other that his own speculation that a DNA test would benefit him.  . . . Therefore, the Applicant failed to carry his burden to show prejudice. Accordingly, this allegation of ineffective assistance of counsel is denied . . .

Even though this Court finds that trial counsel's representation did not fall below reasonable professional norms, if the Applicant had been able to satisfy his burden of proof on the deficiency prong of Strickland v. Washington, the court further finds that the Applicant failed to carry his burden to show prejudice due to the overwhelming evidence of guilt. Where there is overwhelming evidence of guilt, a trial counsel's deficient representation will not be prejudicial . . . The victim's testimony was particularly damaging to the Applicant. Trans. 48-62. She gave a detailed description of the Applicant's attack upon her. Much of what the victim testified to was also corroborated by other evidence such as the victim's clothes and the beer bottle being where the victim said it was. Trans/ p. 98. Moreover, the treating physician's examination noted that there was bleeding in the victim's vagina. Trans. P. 109. Lastly, the father of the victim testified that he saw the Applicant run away from the scene of the attack partially naked and "fixing" his pants as he fled. Trans. P. 94. This Court finds that the evidence of guilt of the Applicant was overwhelming. Therefore, the Applicant failed to carry his burden to show prejudice

> on any of the allegations of ineffective assistance raised. Accordingly, this allegation of ineffective assistance of counsel is denied.

(PCR Order of Dismissal, pages 3-6, 8-9).

The record supports the PCR judge's finding that the petitioner has not demonstrated that his attorney's performance was deficient by showing that his representation fell below an objective standard of reasonableness and, further, he has not shown that the attorney's performance actually prejudiced him. As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. No genuine issue of material fact has been shown in regard to this issue. Strickland, supra.

A thorough review of the record by the undersigned results in the undersigned's recommendation that respondents' motion for summary judgment be granted on ground two. The petitioner has simply put forth insufficient evidence to show that his counsel was ineffective.

## GROUND THREE

Petitioner raises the following as ground three in his habeas petition:

> The record reflects that Petitioners trial counsel used some sort of a strategy, but not concerning the [L]aw for what Petitioner was to stand trial for. In doing this unprofessional error "he," the trial counsel denied Petitioner the right to a fair trial of law and by counsel not wantting [sic] to talk about the law concerning his client the [P]etitioner or prepared a defense shows that counsel wasn't upholding Petitioners right(s) according to law. Tr.p. 189 Ins. 14-21.

Respondent asserts that this allegation is too vague to even address, and certainly too vague to warrant relief and that unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing. In the alternative, respondent asserts that petitioner pressed several ineffective assistance of counsel claims in his PCR action and each claim was rejected by the PCR judge who concluded there was no deficiency in representation.

Petitioner does not specifically address this argument in his response in opposition.

Based on petitioner's allegation, it appears that he alleges counsel's strategy was not the proper strategy for what he was being tried. This allegation is unsupported and conclusory. Therefore, the undersigned recommends that this issue be denied.

Further, as stated above, the PCR court's findings that trial counsel's representation did not fall below reasonable professional norms or that petitioner was prejudiced by the alleged deficient representation was supported by the record. As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. No genuine issue of material fact has been shown in regard to this issue. Therefore, it is recommended respondents' motion for summary judgment be granted with respect to this issue.

## **GROUND FOUR**

Petitioner raises the following as ground four in his habeas petition:

> The record reflects that Petitioner wasn't charged with a case of credibility. But was charged with (C.S.C.) criminal sexual conduct in the first degree., contrabuting [sic] to a delinquency of a minor, and kidnapping. Tr. p. 197, ln 8-10 [solicitor states "this is a credibility case"], 10-17, and 18-23. (Kidnapping, Tr.p. 198 Ins 15-20, Tr.p. 199

17

> Ins 1-2[3-4], 9-10 and 17-21, Tr.p.200 Ins 1-3 and [4-4], [The (beer bottles) that the jury could not find anything to connect bottle(s) to victim or Petitioner, see also Tr.p. 225 Ins. 10-14. (C.S.C.) Tr.p.200 Ins 14-17, and 18-25, Tr.p.201 Ins 2-5, 6-8, and 9-11). SLED result(s) would have rebutted any statement that came through of "hearsay." Document from SLED would have proven Petitioner credibility alone! Why? Because it's the "law." and Petitioner relyed [sic] on [L]aw...

(Habeas petition).

Respondent argues that petitioner has failed to state a claim upon which relief may be granted.

It appears petitioner is arguing that the solicitor stated that this was a credibility case and petitioner argues that it was not a credibility case but a criminal sexual conduct case. Further, it appears that petitioner is arguing that his credibility could have been proven by a SLED report. In considering either argument, petitioner has failed to raise an issue of federal law. Therefore, it is recommended that this issue be dismissed.

## GROUND SEVEN

Petitioner raises the following issue as ground seven in his habeas petition:

> Petitioner also claims that trial counsel denied him equality right(s) concerning statement made direct to client befor[sic] trial begin, by saying even God can't help you. Simply because what the State had indicted Petitioner on, he the Petitioner was tried for something that wasn't in indictment and that alone made the trial crual [sic], & unusual fore [sic] counsel to prepare a defense that was based on unreliable facts, and allowing the state to try Petitioner on credibility issues and not the law which he was to stand trial for.

(Petition).

Respondent argues that this issue is too vague to address but, to the extent petitioner claims ineffective assistance of counsel, respondent notes that each claim pertaining to ineffective assistance of counsel in his PCR action was rejected by the PCR judge and petitioner has failed to show actual error and prejudice. Further, respondent argues that, to the extent petitioner is challenging his indictments or the State's ability to try petitioner on the charges of the indictments, jurisdiction is based on state law.

From reviewing petitioner's allegation, it appears petitioner is asserting that he was tried on credibility when he was indicted for something else, thus, he was tried on something that was not in the indictment. Therefore, it is recommended that this issue be dismissed. As this issue pertains to the state court's jurisdiction, this issue should be dismissed because claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.). Accordingly, the undersigned recommends that this ground be dismissed.

## VI.  CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that respondent's motion for summary judgment (document #7) be GRANTED.

>Respectfully Submitted,
>
>s/Thomas E. Rogers, III
>Thomas E. Rogers, III
>United States Magistrate Judge

June 19, 2006
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina  29503
