IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Eddie Dean Dogan, #256596, | ) | |
| | ) | C.A. No. 4:05-3335-HMH-TER |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden Colie L. Rushton; Attorney General of the State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Eddie Dean Dogan ("Dogan") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 (West 1994 & Supp. 2006). In his Report and Recommendation, Magistrate Judge Rogers recommends granting the Respondents' motion for summary judgment. (Report and Recommendation 19.) Dogan filed objections to the Report and Recommendation. For the reasons stated below, the court adopts the Report and Recommendation and grants the Respondents' motion for summary judgment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (West Supp. 2006).

## I. Factual and Procedural Background

Dogan is currently imprisoned at McCormick Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. On March 2, 1999, Dogan was convicted by a jury of criminal sexual conduct with a minor, first degree, contributing to the delinquency of a minor, and kidnaping ("1998 conviction"). Dogan was sentenced to thirty years for criminal sexual conduct; fifteen years consecutive for kidnaping; and three years concurrent for contributing to the delinquency of a minor. Dogan, represented by appellate counsel Wanda H. Haile, appealed his convictions. The South Carolina Court of Appeals affirmed Dogan's convictions on June 7, 2000. State v. Dogan, No. 2000-UP-436 (S.C. Ct. App. June 7, 2000) (unpublished).

Dogan then collaterally attacked his conviction and sentence in the state court system by filing an application for post-conviction relief ("PCR") on October 17, 2000. In his PCR application, Dogan alleged constitutionally ineffective assistance of counsel at trial. After an evidentiary hearing on April 3, 2003, the Honorable J. Derham Cole dismissed Dogan's PCR application on June 5, 2003. Dogan, represented by Tara S. Taggart ("Taggart"), filed a petition for writ of certiorari in the South Carolina Supreme Court in an effort to appeal his PCR application. At the request of the Supreme Court, Taggart filed a second petition for writ of certiorari, adding a second claim of ineffective assistance of counsel to the petition on December 21, 2004. The Supreme Court denied certiorari on May 18, 2005.

On December 8, 2005, Dogan filed the instant § 2254 petition.[2] Dogan raises six grounds for relief in his petition. Magistrate Judge Rogers recommends granting the Respondents' motion for summary judgment.

## II. Discussion of the Law

### A. Objections to the Report and Recommendation

Dogan filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that all of Dogan's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the Court's inquiry does not end there. Dogan raises an additional argument in his objections that was not raised in his petition. The court construes the additional argument as an amendment to the original petition.[3]

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

[3] Amendments to habeas petitions are governed by the Federal Rules of Civil Procedure. See Robinson v. Wade, 686 F.2d 298, 304 n.11 (5th Cir. 1982). As such, attempts to amend claims are governed by the rules of amendment, Federal Rule 15, and lie within the court's discretion. Id. at 304.

**B. New Claim Not Raised in Petition**

Dogan alleges that the trial court violated his right to a fair trial guaranteed by the "Fourteenth Amendment and article 1, § 3 of the South Carolina State Constitution" by "allowing improper corroborative (hearsay) testimony into evidence at trial" ("hearsay claim"). (Objections 6.) Although it is unclear whether Dogan is raising a Fourteenth Amendment claim under the United States Constitution, the court, construing Dogan's objections liberally, finds that Dogan is alleging that the trial court violated his rights guaranteed by the Confrontation Clause of the Sixth Amendment, applied to the states under the Fourteenth Amendment of the United State Constitution. See Tippett v. State of Maryland, 436 F.2d 1153, 1162 n.8 (4th Cir. 1971) (Sobeloff, J., concurring in part and dissenting in part).

1. Standard of Review in a § 2254 Petition

Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Dogan has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1) (West Supp. 2006). With respect to reviewing the state court's application of federal law, "'[A] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410)). "Thus, to grant [Dogan's] habeas petition[,] [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

2. Analysis

Dogan raised the hearsay claim on direct appeal to the South Carolina Court of Appeals, which affirmed his 1998 convictions on June 7, 2000. Dogan could not raise this issue in his PCR application. See Gibson v. State, 495 S.E.2d 426, 428 (S.C. 1998) (noting that "[a] petitioner may allege constitutional violations in PCR proceedings . . . unless the issue could have been raised by direct appeal" (internal citations omitted)). Therefore, the hearsay claim has been exhausted. See State v. McKennedy, 559 S.E.2d 850, 854 (S.C. 2002) (finding that "petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies"); Benton v. Maynard, No. C/A2:02-2942, 2002 WL 32333153, at *2 (D.S.C. Dec. 27, 2002) (unpublished) (citing McKennedy). As such, the court will address the merits of Dogan's claim.

"The Confrontation Clause provides the defendant with a right to be confronted with the witnesses *against him*." United States v. Crockett, 813 F.2d 1310, 1313 (4th Cir. 1987) (internal quotation marks omitted).

> The constitutional right of confrontation guaranteed to a state criminal defendant by the fourteenth amendment has as one of its most important aspects the right to cross-examine a hostile witness in order to undermine the credibility of the witness by highlighting the possible influence of bias on the testimony of the witness.

Id. at 1314 (internal quotation marks omitted).

Under the law in place at the time of Dogan's trial, Ohio v. Roberts, 448 U.S. 56 (1980),[4] admission into evidence of out-of-court statements against a criminal defendant does not violate a defendant's right to confront witnesses if the witness is unavailable and there is sufficient "indicia of reliability." Id. at 66 (internal quotation marks omitted). "To meet that test, evidence must either fall within a 'firmly rooted hearsay exception' or bear 'particularized guarantees of trustworthiness.'" Crawford v. Washington, 541 U.S. 36, 40 (2004) (quoting Roberts, 448 U.S. at 66).

Dogan argues that hearsay testimony regarding the alleged sexual assault was improperly allowed into evidence. However, "[i]t is a well-settled exception to the hearsay rule that in criminal sexual conduct cases when the victim testifies, evidence from other witnesses that she complained of the assault is admissible in corroboration limited to the time and place of the assault and excluding details or particulars." State v. Schumpert, 435 S.E.2d 859, 862 (S.C. 1993). The victim testified during Dogan's trial. As such, testimony regarding time and place of the assault was admissible. However, Dogan submits that the trial court allowed testimony beyond time and place of the assault. The court disagrees.

---

[4]The United States Supreme Court substantially abrogated the Roberts holding in Crawford v. Washington, 541 U.S. 36 (2004).

First, Dogan argues that the trial court improperly allowed hearsay testimony from Ed Membreno ("Membreno"), a public safety officer dispatched to the scene of the alleged sexual assault to investigate whether a sexual assault had occurred. The court has reviewed Membreno's testimony and finds no error. During Membreno's testimony, Dogan's counsel objected. In response to the objection, the prosecutor instructed Membreno that he could only testify as to the time and place of the assault. (Resp'ts' Mem. Supp. Summ. J. Ex. 1 (Trial Tr. at 85-87).) Membreno's testimony concerning the assault was limited to the time and place of the assault. Therefore, because Membreno's testimony regarding the assault is admissible under a well-established hearsay exception, Membreno's testimony did not violate Dogan's right to confront witnesses against him.

In addition, Dogan argues that the trial court improperly allowed testimony beyond the time and place of the assault from Linda Prince ("Prince"), who was present during the sexual assault examination of the victim at the hospital, and Dr. Nancy Henderson ("Dr. Henderson"), who examined the victim at the hospital. Again, after objections by Dogan's counsel, the trial court sustained the objections and stated that Prince and Dr. Henderson could only testify as to date, time, place, and the nature of the assault. (Id. Exs. 1 and 2 (Trial Tr. at 82, 132-33).) During Dr. Henderson's testimony, the court clarified that nature of the assault is "a simple question of whether it was a sexual assault or not under the rule. Okay. The details, she can't testify to." (Id. Ex. 2 (Trial Tr. at 133).) The trial court went on to state that testimony regarding the details of the rape "is hearsay . . . . The little girl can testify to it. But the doctor can't." (Id. Ex. 2 (Trial Tr. at 133).) The court finds that the admission of this testimony did not violate the Confrontation Clause.

Further, Dogan argues that the court improperly allowed the testimony of Alvin Edwards, the brother of the victim, who testified that the victim told him "she had been raped." (Id. Ex. 1 (Trial Tr. at 76).) Alvin Edwards testified that the victim was very upset, mad, and crying. (Id.) Dogan's counsel objected on the grounds of hearsay, and the court overruled the objection, noting that the alleged rape had just occurred. (Id.) Although the trial court did not articulate the hearsay exception, the victim's statement that "she had been raped" to Alvin Edwards was admissible as an excited utterance, which is a firmly-rooted exception to the hearsay rule. See State v. Hill, 501 S.E.2d 122, 125 (S.C. 1998). Hence, the court finds that the admission of Alvin Edwards' testimony did not violate Dogan's right to confront witnesses against him.

In sum, the court concludes that the trial court did not violate Dogan's rights under the Fourteenth Amendment. In turn, the court finds that the South Carolina Court of Appeals' decision affirming Dogan's 1998 convictions did not result from an unreasonable application of the facts or clearly established federal law. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation.

It is therefore

**ORDERED** that the Respondents' motion for summary judgment, docket number 7, is granted.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 20, 2006

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.